IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-42 |
| | ) | |
| STEPHANIE PUCKETT, | ) | (VARLAN / GUYTON) |
| SHANNON HILL, | ) | |
| PATRICIA NEWMAN, | ) | |
| MICHAEL PUCKETT, | ) | |
| CHRIS HILL, | ) | |
| GENA JACKSON, and | ) | |
| REBECCA WELLS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 21, 2015, for a scheduled pretrial conference and motion hearing on the Government's Motion to Declare Complex and Extended [Doc. 51] and Defendant Gena Jackson's Motion for Trial Continuance [Doc. 56]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Mike Whalen represented Defendant Stephanie Puckett. Attorney Michael B. Coleman appeared on behalf of Defendant Patricia Newman. Attorney Rachel L. Wolf represented Defendant Michael Puckett. Attorney Donny M. Young appeared on behalf of Defendant Chris Hill. Attorney Michael Thomas Cabbage represented Defendant Gena Jackson.

Attorney Hugh B. Ward, Jr., appeared on behalf of Defendant Rebecca Wells.[1] The Court excused [Doc. 53] all Defendants from appearing for this hearing.

Defendant Gena Jackson asks to continue the May 5 trial date, arguing that counsel needs additional time to prepare the case for trial due to the number of defendants and the volume of discovery. She states that she is one of up to one hundred defendants in this and the related cases and that some of those defendant have not yet been arrested. She contends that this case involves a large amount of discovery, which counsel has not had time to review completely. In this regard, Defendant Jackson states that counsel only received the discovery in a format readable by his computer within three weeks of the trial date. Accordingly, Defendant Jackson asserts that a continuance is necessary.

The Court observes that the Government has asked [Doc. 51] this Court to declare the case to be complex for speedy trial purposes, although it does not ask that the trial be continued. The Government states that over one hundred defendants were indicted in twenty-eight related cases and that over one-third had not been arrested at the time it filed the motion on March 31, 2015. It states that discovery is being disclosed in three phases: One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records. A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage.[2] The Government contends that by the time that discovery is fully

---

[1] Attorney John E. Eldridge informed Chambers that his client, Defendant Shannon Hill, did not anticipate proceeding to trial. The Court excused Mr. Eldridge from participating in the hearing.

[2] The undersigned ordered [Doc. 11] that initial discovery was due on March 17, 2015. Discovery originally intended to be provided via the iCloud, but ultimately provided on hard

2

disclosed under the schedule determined by the Court, defense counsel will have insufficient time to review the discovery and to prepare for trial. At the hearing, AUSA Stone stated that discovery is progressing ahead of schedule, that "bulk discovery" had gone out to all defendants, and that the Government anticipated completing disclosure of discovery by the deadline imposed by the Court.

At the hearing, none of the Defendants objected to the Government's request for the Court to deem this case complex for speedy trial purposes. Additionally, neither counsel for codefendants, nor AUSA Stone objected to Defendant Jackson's motion to continue the May 5 trial date. The parties agreed to a new trial date of November 17, 2015.

The Court finds Defendant Jackson's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the instant case involves seven Defendants, who are charged [Doc. 3], along with numerous others in related cases, in a conspiracy to distribute oxycodone over two years and three months (Count One). The Defendants are also charged with conspiring to launder the proceeds of the drug conspiracy over the same time period (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving half a terabyte of information [see Doc. 51-1, Affidavit of Christopher G. English]. Disclosure of discovery is ongoing in phases and will not be completed until May 4, 2015. To require counsel to proceed to trial the day following the receipt of voluminous discovery would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds

---

drives [see Doc. 51-1], was due on April 7, 2015. Finally, discovery of recovered documents must be made by May 4, 2015.

3

that the review of discovery cannot occur prior to the May 5 trial date. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government this case is complex for purposes of the Speedy Trial Act. The instant case involves seven defendants and the related cases involve over one hundred defendants. The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over twenty-seven months. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

Defendant Jackson's motion to continue the trial [**Doc. 56**] is **GRANTED**, and the trial is reset to **November 17, 2015**. The Government's motion [**Doc. 51**] to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**. The Court also finds that all the time between the filing of Defendant Jackson's motion on April 19, 2015, and the new trial date of November 17, 2015, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B). With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **May 4, 2015**. The Defendants are not requesting a new motion deadline at this time[3] but may move for leave to file additional motions (attaching a copy of the proposed motion), if defense

---

[3] Defendant Jackson's motion asks that the Court set a new motion deadline; but at the April 21 hearing, defense counsel all stated that they did not anticipate filing any pretrial motions at this time.

4

counsel deem it necessary. The Court requests that all such motions be filed no later than **July 17, 2015**, to permit time to litigate the motion before the trial date. The deadline for concluding plea negotiations is **October 2, 2015**. This day is also the deadline for the Defendants to provide reciprocal discovery. The parties are to appear before the undersigned for a pretrial conference on **November 3, 2015, at 9:30 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **November 2, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **November 6, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Jackson's Motion for Trial Continuance [**Doc. 56**] is **GRANTED**;

(2) The Government's Motion to Declare Case Complex and Extended [**Doc. 51**] is **GRANTED**. The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **November 17, 2014**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of Defendant Jackson's motion on **April 19, 2015**, and the new trial date of **November 17, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **May 4, 2015**;

(6) The deadline for concluding plea negotiations is **October 2, 2015**. This date is also the deadline for the provision of reciprocal discovery;

(7) Motions *in limine* must be filed no later than **November 2, 2015**;

5

(8) The Court has set a final pretrial conference in this case on **November 3, 2015, at 9:30 a.m**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **November 6, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge